■ In the Matter of NORMAN GOLDFARB et al., Appellants, v. EDWARD J. MAHONEY et al., Constituting the Board of Elections of Erie County, Respondents. (Appeal No. 1) — Judgment unanimously reversed, on the law, without costs, and judgment entered in accordance with the following memorandum: Section 1 of chapter 189 of the Laws of 1973 amended subdivision b of section 2552 of the Education Law to provide that the Board of Education of the city school district of the City of Buffalo should consist of "nine members, one member thereof to be elected in each councilmanic district within such city." By section 3 of such chapter a new paragraph p of subdivision 10 was added to section 2553 of the Education Law which provided that "the election of members of the board of education of the school district of the city of Buffalo shall take place at the general election held in such city on November fifth in the year nineteen hundred seventy-four and at general elections thereafter in each year in which an incumbent's term expires, except that if the proposition set forth in section six of this act receives the affirmative vote of a majority of the qualified electors of the city of Buffalo voting thereon, such election shall take place on May seventh, nineteen hundred seventy-four and on the first Tuesday in May thereafter in each year in which an incumbent's term expires." By section 5 of chapter 189 it was provided that "the board of elections of the county of Erie shall submit the following proposition to the voters of the city of Buffalo at the general election in November in the year nineteen hundred seventy-three, 'Shall chapter (here insert number of chapter) of the laws of nineteen hundred seventy-three providing for a nine-member elective board of education of the city school district of the city of Buffalo, one member thereof to be elected in each councilmanic district within such city, be approved?'" By section 6 it was provided that "There shall also be submitted at the nineteen hundred seventy-three general election the following proposition: 'Provided that a majority of the qualified voters of the city of Buffalo vote in the affirmative on proposition one, shall such election for an elective school board be held on the first Tuesday in May, nineteen hundred seventy-four and annually thereafter on such day?'" By section 7 it was provided "This act shall take effect immediately except that the provisions of sections one, two, three and four of this act shall not become operative unless a majority of the voters of the city of Buffalo voting on the proposition set forth in section five of this act vote in the affirmative on such proposition." Thereafter by section 1 of chapter 844 of the Laws of 1973, Paragraph b of section 2552 was further amended by deleting the provision "one member

thereof to be elected in each councilmanic district within such city." By section 3 of such chapter, section 2553 (subd. 10, par. b) of the Education Law was amended to provide that "The common council of the city of Buffalo shall within three months of the operative date of this section of this act define and publish by local law boundaries of each of six city school subdistricts which said subdistricts shall be contiguous and each of which shall contain as nearly as possible the same number of qualified voters." It further provided that "The members of the board of education of the city school district of the city of Buffalo shall be elected as follows: one member from each of such six city school subdistricts within such city by the qualified voters therein and three members of such board of education shall be chosen by the qualified voters at large within such city." By the same section, paragraph q of subdivision 10 was added to section 2553 of the Education Law which provided that "The election of members of the board of education of the school district of the city of Buffalo shall take place at the general election held in such city on November fifth in the year nineteen hundred seventy-four and at general elections thereafter in each year in which an incumbent's term expires, except that if the proposition set forth in section six of this act receives the affirmative vote of a majority of the qualified electors of the city of Buffalo voting thereon, such election shall take place on May seventh, nineteen hundred seventy-four and on the first Tuesday in May thereafter in each year in which an incumbent's term expires." By section 5 it was mandated that "This act shall take effect immediately," and by section 6 it was provided that "There shall also be submitted at the nineteen hundred seventy-three general election the following proposition: 'Provided that a majority of the qualified voters of the city of Buffalo vote in the affirmative on proposition one, shall such election for an elective school board be held on the first Tuesday in May, nineteen hundred seventy-four and thereafter on the first Tuesday in May in each year in which an incumbent's term expires?'" It is clear from an examination of the provisions of chapter 844 that not only did such chapter omit the statement of any proposition required to be submitted to the qualified voters of the City of Buffalo with reference to the election of an elective school board, but by making the act effective immediately it superseded and revoked the provisions of section 7 of chapter 189 that made the provisions for an elective board of education operative only upon a majority of the voters of the City of Buffalo voting in the affirmative on the proposition set forth in section 5 of chapter 189. The statute mandates an elective board of education for the city school district of the City of Buffalo, the members thereof to be elected at the general election to be held in such city on November 5, 1974 and there being no "proposition one" referred to in section 6 of chapter 844 provided for in the law as amended, the provision in section 6 for the submission of a proposition to the voters "shall such election for an elective school board be held on the first Tuesday in May, nineteen hundred seventy-four" has no validity and is completely inoperative. Petitioners in their article 78 proceedings heard jointly by Special Term were entitled to the determination sought in their petitions as amended that the result of the election held November 6, 1973 with respect to propositions 1 and 2 be set aside and declared null and void. (Appeal from judgment of Erie Special Term in article 78 proceeding.) Present — Marsh, P. J., Witmer, Mahoney, Goldman and Del Vecchio, JJ.